IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:15-CR-51-PLR-HGB |
| RAY MUBARAK, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 31, 2015 for disposition of Defendant Trey Sander's Motion to Continue Trial Date and All Associated Deadlines [Doc. 22] filed on August 25, 2015. Assistant United States Attorney Matthew Morris was present for the Government. Attorneys Jennifer Knapp Hemmelgarn and Lawrence P. Leibowitz were present for Defendant Trey Sanders. The Defendants were not present.

In his motion, Defendant Sanders submits that a second continuance is warranted in this matter due to the lengthy indictment and voluminous discovery presented. He explains that the discovery in this matter totals nearly 6,000 pages, including banking and other sensitive files. Despite defense attorneys' efforts to review the discovery and prepare for trial, more time is necessary to adequately review the documentation and investigate the matter fully in order to provide meaningful representation.

During the hearing, the Government stated it had no objection to a second continuance. In addition, Attorney Eldridge stated that Defendant Mubarak had no objection as well. The Court questioned Attorney Leibowitz who represented that his client understood that he was

1

waiving his rights to a speedy trial and desired a continuance in this matter. The parties then agreed on new trial date of March 1, 2016, and that all time between the hearing and the new trial date was fully excludable under the Speedy Trial Act.

The Court finds the Defendant's motion to continue to be well-taken, and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendant Sander's motion demonstrates a need for additional time for his attorneys to review discovery and investigate the facts of the case. The Court finds that this necessary trial preparation could not take place before the October 27, 2015 trial date, or in less than six months. Thus, the failure to grant a continuance would deprive counsel of their reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Sander's Motion to Continue Trial Date and All Associated Deadlines [**Doc. 22**] is **GRANTED**. The trial of this matter is reset to **March 1, 2016**. The Court also finds that all the time between the **August 31, 2015** hearing and the new trial date of **March 1, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(7)(A)-(B). As to all other scheduling deadlines in this case, the motion deadline shall be set for October 30, 2015, and the Government's response shall be due on or before November 13, 2015. The parties are to appear for a pre-trial conference before the undersigned on February 16, 2015 at 1:30 p.m. This date shall also serve as the deadline for concluding plea negotiations. In addition, all motions *in limine* must be filed no later than **February 15, 2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **February 19, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

2

Accordingly, it is **ORDERED:**

(1) Defendant Sander's Motion to Continue Trial Date and All Associated Deadlines [**Doc. 22**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 1, 2016, at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the hearing on **August 31, 2015** and the new trial date of **March 1, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A motion deadline is set for **October 30, 2015** and the Government's responses shall be due no later than **November 13, 2015**;

(5) A pretrial conference before the undersigned is set for **February 16, 2016 at 1:30 p.m.** This date is also the deadline for concluding plea negotiations;

(6) Motions *in limine* must be filed no later than **February 15, 2016**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 19, 2016**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge